IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Case No. 1:13-cv-00197-MR
[Criminal Case No. 1:92-cr-00021-MR-1]

| | |
|---|---|
| HAROLD LEE SMITH, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1], and his motion for compassionate release [Doc. 2].

**I.  BACKGROUND**

On April 2, 1992, Petitioner was charged in a Bill of Indictment with one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 1); four counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. 841(a)(1) (Counts 2, 3, 5, 7); and three counts of distribution of cocaine base, also in violation of 21 U.S.C. § 841(a)(1) (Counts 4, 6, 8).  [Criminal Case No. 1:92-cr-00021, Doc.

2: Notice of Criminal Docket at 1].[1] On May 6, 1993, Petitioner was convicted following a jury trial, the Honorable Richard L. Voorhees presiding, on Counts 1, 5, 6, 7, and 8. On October 29, 1993, Petitioner was sentenced to life imprisonment on Count 1, and to concurrent terms of 240 months' imprisonment on Counts 5, 6, 7 and 8. [Id.].

Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Petitioner raised a host of issues, but only received relief on one. The Court found that the convictions for Counts 5 and 7 involved a drug sale to the same individual, Oscar Williams, on February 14 and 17, 1989. The Court concluded that based on its decision in United States v. Curry, 512 F.2d 1299, 1305 (4th Cir.), cert. denied, 423 U.S. 832 (1975), that the charges in Counts 5 and 7 "merge into and become a single offense with the distribution of cocaine charged in Counts 6 and 8." United States v. Smith, 43 F.3d 1469, 1994 U.S. App. LEXIS 36018 (4th Cir. 1994) (unpublished table decision). The Court therefore vacated the convictions in Counts 5 and 7 and remanded with instructions that these two convictions and sentences were to be vacated. Petitioner's judgment was otherwise affirmed and he did not file a petition for a writ of certiorari. On March 20,

---

[1] Due to the age of this criminal case, the Clerk's office prepared a history of the case and filed a summary based on the original court files.

1995, the Court entered an amended judgment which vacated and dismissed Counts 5 and 7. [Doc. 2 at 6].

On February 16, 2000, Petitioner was resentenced by Judge Voorhees pursuant to 18 U.S.C. § 3582(c). [2]  Petitioner's sentence for his conviction on Count 1 was reduced from life imprisonment to 360 months' imprisonment. Petitioner's sentence for his conviction on Counts 6 and 8 remained concurrent terms of 240 months' imprisonment that were ordered to run concurrently with the term imposed in Count 1. [Id. at 8].

Petitioner again appealed. On appeal, Petitioner challenged the Court's denial of his motion for a downward departure and the order overruling his objection to a previously imposed sentencing enhancement. Petitioner also contended that his sentence was illegal based on the Supreme Court's case in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Court affirmed Petitioner's amended sentence in Count 1 and concluded that the district court had properly declined to hear Petitioner's remaining claims for relief after noting that in addressing the section 3582 motion the "district court may only consider the effect of the retroactive amendment, not any

---

[2] Petitioner has filed four other motions to reduce his sentence pursuant to 18 U.S.C. § 3582, all of which have been denied. [Criminal Case No. 1:92-cr-00021, Docs. 7, 15].

3

other sentencing or guideline issues." Id. at 167 (citing USSG § 1B1.10, p.s., cmt. n.2).

On June 30, 2003, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. The Court noted that the § 2255 motion appeared to be untimely and an order was served on Petitioner pursuant to Hill v. Braxton, 277 F.3d 701, 706-707 (4th Cir. 2002). Petitioner never responded and on August 27, 2003, the Court entered an Order finding that Petitioner's § 2255 motion was untimely and it was dismissed. [Civil Case No. 1:03-cv-00156-RLV, Doc. 3]. Petitioner did not appeal.

On July 11, 2013, Petitioner filed the present § 2255 motion to vacate, in which he contends that he is entitled to relief under the provisions of the Fair Sentencing Act of 2010 (FSA), and based on the Supreme Court's opinion in Dorsey v. United States, 132 S.Ct. 2321 (2012). Petitioner also moves for compassionate release citing the provisions of 18 U.S.C. § 3582(c)(1)(A). Petitioner's claims for relief will be addressed in turn below.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court

4

has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 2255 Motion to Vacate

This Court is without jurisdiction to consider the merits of Petitioner's petition. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present Section 2255 motion, and it will be dismissed. See, e.g, In re Vial, 115 F.3d 1192, 1194

5

(4th Cir. 1997); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.[3]

## B. Motion for Compassionate Release

Title 18 of the United States Code, section 3582 provides, in pertinent part, as follows:

> The court may not modify a term of imprisonment once it has been imposed except that --
>
> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

---

[3] Even if the Court could reach the merits of Petitioner's motion, he would be denied relief. In Dorsey, the Supreme Court held that the Fair Sentencing Act, which reduced the crack-to-powder disparity for purposes of the mandatory penalties under the Controlled Substances Act, applied retroactively to offenders whose crimes preceded the effective date of the FSA, which was August 3, 2010, but who were sentenced after the Act's effective date. Dorsey, 132 S.Ct. at 2329, 2335 ("[W]e conclude that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to post-Act sentencing of pre-Act offenders."). Petitioner was sentenced approximately twenty years ago; as such, the FSA and Dorsey are simply not applicable to him.

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A). Pursuant to this provision, the Court is prohibited from modifying a term of imprisonment except upon motion of the Director of the Bureau of Prisons.[4] Because the Director of the Bureau of Prisons has not made any such motion in this case, Petitioner's request for compassionate release is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[4] Petitioner acknowledges this in his motion wherein he contends that he "is requesting to be reviewed by the WARDEN and Director of the F.B.O.P." [Doc. 2 at 2].

wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Doc. 1] will be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion for compassionate release [Doc. 2] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court denies to issue a certificate of appealability.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge